IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANET WERDER, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:24-cv-130-BN |
| § | |
| ALLSTATE FIRE AND CASUALTY § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER ON**
**<u>SUBJECT MATTER JURISDICTION</u>**

Defendant Allstate Fire and Casualty Insurance Company removed this case under 28 U.S.C. § 1332(a) diversity jurisdiction. *See* Dkt. No. 1.

The Court issued a Notice of Deficiency explaining that, on further review of Defendant Allstate Fire and Casualty Insurance Company's Notice of Removal [Dkt. No. 1], the Court believed that Allstate's jurisdictional showing is lacking because Allstate had not sufficiently established the amount in controversy. *See* Dkt. No. 17; *Werder v. Allstate Fire & Cas. Ins. Co.*, ___ F. Supp. 3d ___, No. 3:24-cv-130-BN, 2024 WL 1810474 (N.D. Tex. Apr. 25, 2024).

Allstate has filed an Amended Notice of Removal and Demand for Jury Trial. *See* Dkt. No. 19.

And the Court determines that Allstate has now sufficiently established the

amount in controversy and, with it, that the Court has original jurisdiction over this removed action under 28 U.S.C. §1332(a).

## Background

Plaintiff Janet Werder filed this action in Texas state court on December 4, 2023. *See* Dkt. No. 1-2.

Werder alleged in Plaintiff's Original Petition and Request for Declaratory Judgment that, "[p]ursuant to Texas Rule of Civil Procedure 47(c), Plaintiff states that he seeks monetary relief $250,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorneys' fees." Dkt. 1-2 at 1.

Werder prayed for damages based on her "[r]easonable medical care and expenses in the past," "[r]easonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future," "[p]hysical pain and suffering in the past, "[p]hysical pain and suffering in the future," "[p]hysical impairment in the past," "[p]hysical impairment which, in all reasonable probability, will be suffered in the future, "[d]isfigurement in the past, "[d]isfigurement in the future," "[p]roperty damages," "[m]ental anguish in the past," and "[m]ental anguish in the future," "together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; compensatory damages, statutory, punitive and exemplary damages, attorneys fees," and declaratory relief. *Id.* at 6-9.

After being served on December 18, 2023, Allstate timely removed the case from state court on January 17, 2024. *See* Dkt. No. 1 at 2. Allstate alleged in its Notice of Removal that "[t]his Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs." *Id*. at 3.

In support of removal and this Court's diversity jurisdiction over this case, Allstate alleged that, "[a]ccording to the Plaintiff's Original Petition in that suit, the Plaintiff seeks to recover damages from Defendant of less than $250,000.00." *Id*. at 2.

And Allstate alleged that Werder "is now, and was at the time the lawsuit was filed, a citizen of the State of Texas"; that "Allstate is now, and was at the time the action was commenced, a citizen of the State of Illinois, and is not a resident or citizen of Texas," where "Allstate's state of incorporation is Illinois, and Allstate's principal place of business is in Illinois"; and, "[t]here being complete diversity between the parties, this case is properly removed to the U.S. District Court for the Northern District of Texas, Dallas Division." *Id*.

Then, in its Amended Notice of Removal and Demand for Jury Trial, Allstate asserts that, "[w]hile Plaintiff's Original Petition may not make it clear that the amount in controversy exceeds $75,000, Plaintiff's demand letter to Allstate specifically states that Plaintiff's 'Total Recoverable Economic Losses,' and the 'Total

-3-

Remaining Recovery' is $170,253.58." Dkt. No. 19 at 1-2 of 14. That demand letter, dated December 1, 2022 is attached and proven up through Allstate's counsel's declaration, *See id.* at 6-14 of 14.

Allstate alleges that "Plaintiff's pre-removal settlement demand proves by a preponderance of the evidence that the amount-in-controversy requirement is met, and that it is facially apparent that Plaintiff seeks a sum or value that exceeds $75,000.00." *Id.* at 3 of 14.

## Legal Standards and Analysis

As the Court previously explained, as to the amount-in-controversy requirement, *see Werder*, 2024 WL 1810474, at *3, if a state-court "petition is silent (as is often the case in state courts in our jurisdiction), the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000," *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (cleaned up).

> The defendant can meet that burden in one of two ways: (1) by establishing that it is "facially apparent" that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount.

*Guijarro*, 39 F.4th at 314 (cleaned up).

The defendant may meet its burden by this second route if it "sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (cleaned up).

-4-

For the reasons the Court explained, *see Werder*, 2024 WL 1810474, at *11, pleading "monetary relief of $250,000 or less" under Texas Rule of Civil Procedure 47(c)(1) or 47(c)(2) is, for purposes of 28 U.S.C. § 1446(c)(2), an "indeterminate" or "unspecified amount of damages." And, so, allegations of those ranges do not "constitute a specific sum demanded that is dispositive of the jurisdictional question." *Adame v. Bunton*, No. EP-22-CV-00464-DCG, 2022 WL 20158117, at *2 (W.D. Tex. Dec. 28, 2022) (cleaned up).

For the same reason, neither does (without more) "seeking 'monetary relief of $250,000 or less' in accordance with [Texas Rule of Civil Procedure] 47(c)(1) [or Rule 47(c)(2)] … make it facially apparent that the federal jurisdictional amount in controversy is satisfied." *Id.* (cleaned up). A state court petition's pleading the Rule 47(c)(1) or Rule 47(c)(2) range "does not make clear, on its face, that it is seeking more than $75,000, only that it seeks less than $250,000." *Alcala v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:22-CV-95, 2022 WL 4239223, at *3 (S.D. Tex. Aug. 30, 2022), *rep. & rec. adopted*, 2022 WL 4239353 (S.D. Tex. Sept. 14, 2022); *accord Garza v. Palomar Specialty Ins. Co.*, No. 7:21-CV-00414, 2021 WL 6425093, at *2 (S.D. Tex. Dec. 1, 2021).

And, so, Werder's pleading "monetary relief of $250,000 or less" under Texas Rule of Civil Procedure 47(c)(1) or 47(c)(2) does not constitute a specific sum demanded that is dispositive of the jurisdictional question under 28 U.S.C. §

1446(c)(2) and does not make it facially apparent that the jurisdictional threshold for the amount in controversy is satisfied to support diversity jurisdiction over this removed action. *See Werder*, 2024 WL 1810474, at *11.

But Fifth Circuit caselaw "has countenanced the use of pre-suit demand letters to establish the amount in controversy for jurisdictional purposes." *D&T Trading, Inc. v. Kin Props. Inc.*, No. 3:15-cv-252-L-BK, 2015 WL 12731723, at *2 (N.D. Tex. Aug. 3, 2015) (collecting cases), *rep. & rec. adopted*, 2015 WL 12731724 (N.D. Tex. Aug. 26, 2015).

As other judges in this district have concluded, the Court determines that the pre-suit demand letter here is appropriate summary judgment type evidence of facts in controversy that support a finding of the requisite jurisdictional amount and that it "is relevant and significant to the amount in controversy in this case because it is compelling evidence of Plaintiff's assessment of the value of her case." *Else v. Ford Motor Co.*, No. 3:14-cv-2687-L, 2014 WL 7404125, at *5 (N.D. Tex. Dec. 31, 2014) (collecting cases); *accord Nguyen v. AmGuard Ins. Co.*, No. 4:22-CV-175-SDJ, 2022 WL 17477545, at *3 (E.D. Tex. Dec. 6, 2022) (collecting cases).

The Court determines that "the demand letter constitutes [Werder's] reasonable belief of the settlement value of her case at the time demand was made in" December 2022. *Else*, 2014 WL 7404125, at *5.

Werder's demand letter itemized her "Total Recoverable Economic Losses" as

"Medical bills: $50,246.78" (which the letter further itemized by provider); "Mileage: $6.80" (which the letter further itemized); "Pain and suffering in the past $25,000.00"; "Pain and suffering in the future: $25,000.00"; "Physical impairment in the past: $25,000.00"; "Physical impairment in the future: $25,000.00"; "Mental anguish in the past: $25,000.00"; and "Mental anguish in the future: $25,000.00." Dkt. No. 19 at 13-14 of 14.

After reducing the total of $200,253.58 by $30,000.00 for a third-party settlement, Werder demanded $170,253.58. *See id.* at 14 of 14.

Considering the relief that Werder demanded in her Plaintiff's Original Petition and Request for Declaratory Judgment and these demanded amounts in her pre-suit demand letter, the Court determines that Allstate has shown by a preponderance of the evidence that Werder's claims involve an amount in controversy that exceeds $75,000.00, exclusive of interest and costs, which satisfies 28 U.S.C. § 1332(a)'s amount-in-controversy requirement.

## Conclusion

For the reasons explained above, the Court determines, based on Defendant Allstate Fire and Casualty Insurance Company's Amended Notice of Removal and Demand for Jury Trial [Dkt. No. 19], that the Court has original diversity jurisdiction over this removed action under 28 U.S.C. §1332(a).

SO ORDERED.

DATED: May 14, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE